IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMIE D. HARRIS, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | )   CIVIL NO. 06-cv-4017-JPG |
| vs. | ) |
| | )   CRIMINAL NO. 00-cr-40045 |
| UNITED STATES of AMERICA , | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion.  For the reasons set forth below, the motion is denied.

Without benefit of a plea agreement, Petitioner pleaded guilty to three counts involving the distribution of crack cocaine.  He was sentenced to 216 months imprisonment, four years supervised release, a fine of $500, and a special assessment of $300.  On appeal, Counsel filed a motion to withdraw, arguing that he could identify no non-frivolous basis for appeal.  The Seventh Circuit agreed with Counsel's position that there were no non-frivolous issues for appeal; Counsel's motion was granted, and the appeal was dismissed.  *United States v. Harris*, Appeal No. 01-3328 (7th Cir., filed Aug. 27, 2001).  On January 17, 2006, Petitioner filed the instant motion under Section 2255.

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

>Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Petitioner's appeal was dismissed on October 9, 2002, and he did not seek certiorari with the Supreme Court. Therefore, for purposes of § 2255, Petitioner's conviction became final in January 2003. *See generally Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed the instant motion on January 17, 2006. Thus, Petitioner's judgment of conviction was final for three years prior to the filing of his motion under § 2255, and he filed this motion two years too late. None of the exceptions to the statute of limitations can alter this finding.

Petitioner's basis for this action are the rules "newly recognized" in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *United States v. Booker*, 125 S.Ct. 738 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the dates of those decisions. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Blakely* and *Booker* not retroactively applicable); *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* not retroactively applicable).

Therefore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED**. Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Booker* and/or *Apprendi* apply retroactively on collateral review.

**IT IS SO ORDERED.**

**Dated: April 13, 2006**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**